IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE A. RUIZ,

       Petitioner,

v.                                             CIV 02-1627 BB/KBM

IMMIGRATION AND
NATURALIZATION SERVICE,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the court on Jose A. Ruiz's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  On June 15, 2000, Immigration Judge Thomas Michael O'Leary ordered Plaintiff deported to Peru upon completion of his sentence.  Ruiz completed his term of imprisonment on December 27, 2002 and was transferred to the Immigration and Naturalization Service El Paso Detention and Removal Operations Office for deportation.

In anticipation of his impending deportation, and while he was still incarcerated in Milan, New Mexico serving his sentence, Ruiz signed a form § 2241 petition on December 1, 2002.  The petition was mailed on December 19, 2002 and filed in this court on December 26th, one day before his sentence expired.  Thus, Ruiz was in custody in New Mexico on the date he mailed and filed his petition, and the INS took custody of him after the suit was filed.  Although the law in this area is not entirely settled, under these circumstances, I am persuaded that this court has

jurisdiction over the matter, despite Petitioner now being in the custody of the INS in Texas.[1]

The form petition was obviously prepared by an attorney or some organization.  It specifically states that Plaintiff is not challenging the deportation order.  To the contrary, Ruiz is challenging the fact that he was not deported to Peru immediately upon the expiration of his sentence.  The petition asserts that failure to deport him immediately and detaining him "indefinitely" violates the constitutional guarantees of due process, equal protection, and freedom from cruel and unusual punishment.

The exhibits Respondent filed with its motion to dismiss demonstrate that the INS is in the process of effectuating Petitioner's deportation.  *See Docs. 5, 6.*  Respondent further points out that by statute the Attorney General has ninety days from the date of Ruiz's release from custody, or March 27, 2003, to deport him.  8 U.S.C. § 1231(a)(1)(A).  Because the statutory period has not expired,[2] for the reasons stated in Respondents' motion, Ruiz's petition is premature and

---

[1]  Section 2241 petitions must be brought in the district where the prisoner is confined.  *E.g., Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).  The posture of an unpublished Tenth Circuit opinion stands for the proposition that the place of confinement as of the time of filing controls.  *See Claypool v. McKinna,* 3 Fed. Appx. 750, n.1 (10th Cir. 2001) (notes prisoner was transferred to a prison in Washington state after the § 2241 petition was filed and decides case on merits).  In INS removal cases, where the prisoners are frequently shipped from place to place pending deportation, some courts have recently questioned who is the "custodian" for habeas purposes.  The trend appears to hold that the Attorney General has custody and, consequently, any district in the United States in which the petition is filed has jurisdiction.  *See Chavez-Rivas v. Olsen,* 194 F. Supp. 2d. 368 (D.N.J 2002) (collecting cases); *Farah v. Immigration and Naturalization Serv.,* 2002 WL 31828309 (D. Minn. 12/11/02).  The Tenth Circuit has not yet addressed the issue.

[2]  *See Zadvydas v. Davis,* 553 U.S. 700-01 (2001) (courts have authority under § 2241 to determine whether deportation/removal that takes longer than the statutory period is reasonable; if removal is not readily foreseeable, court can order release and condition that release; if removal reasonably foreseeable, court should consider risk of further crimes as a factor potentially justifying confinement; as for permissible length of confinement pending removal after ninety-day statutory period expires, Court stated "we doubt that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time. We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than **six months**.")

2

unripe and should be summarily dismissed.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2241 petition be dismissed as premature.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

(emphasis added).

3